UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMY L. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-1898-AGF |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion to dismiss Plaintiff's complaint for judicial review under Titles II and XVI of the Social Security Act. ECF No. 12. For the reasons set forth below, the motion will be denied.

### BACKGROUND

Plaintiff Tommy Phillips, who proceeds pro se, first filed for Social Security benefits in August 2012 after sustaining a severe neck injury. Though the present record contains no documents relating to this 2012 claim, the Court understands from Plaintiff's exhibits that the claim was denied, and no appeal was filed.[1]

Plaintiff later applied for benefits in the present case on March 13, 2017, alleging that he became disabled on February 16, 2017. On November 6, 2018, an Administrative Law Judge issued a partially favorable decision finding Plaintiff disabled beginning on

---

[1] Plaintiff indicates that this 2012 case was filed in Columbia, Missouri. *See e.g.,* ECF No 1, Ex. 1, p. 2, 8. The Court's own search revealed no decision on judicial review in the Western District.

April 1, 2017.  Plaintiff requested review by the Appeals Council, which, on March 11,

2019, issued a fully favorable decision finding that Plaintiff's disability began on

February 16, 2017.  ECF No. 12-1, pp. 28-31.  Accompanying its favorable decision, the

Appeals Council sent Plaintiff a standard letter explaining the process by which Plaintiff

could request judicial review.  *Id*. at pp. 25-27.  That letter stated in part:

> If you disagree with this decision, you may ask for court review by filing a
> civil action.
>
> If you do not ask for court review, this decision will be a final decision that
> can be changed only under special rules.
>
> ***
>
> You may file a civil action (ask for court review) by filing a complaint in
> the United States District Court for the judicial district in which you live.
>
> ***
>
> You have 60 days to file a civil action (ask for court review).
>
> The 60 days start the day after you receive this letter.  We assume you
> received this letter 5 days after the date on it unless you show us that you
> did not receive it within the 5-day period.
>
> If you cannot file for court review within 60 days, you may ask the Appeals
> Council to extend your time to file.  You must have a good reason for
> waiting more than 60 days to ask for court review.
>
> ***
>
> We will send you a letter telling you whether your request for more time
> has been granted.

*Id*. at pp. 25–26.

According to the foregoing instructions, Plaintiff had until May 15, 2019, to file a

civil action.  However, 21 days before the deadline, on April 24, 2019, Plaintiff submitted

a request for additional time on the basis that he was overwhelmed by other litigation in

state court.  *Id*. at pp. 33-34.  Plaintiff's request remained pending before the Appeals

Counsel for 60 days.  On June 24, 2019, the Appeals Council denied Plaintiff's request, finding no reason to grant the extension insofar as unrelated lawsuits should not have prevented Plaintiff from timely filing a civil action in this case.  *Id*. at p. 39.

Fourteen days after receiving the Appeals Council's denial, on July 8, 2019, Plaintiff filed his present complaint alleging fraud and abuse of process by the SSA and by various state court actors in unrelated lawsuits, and seeking relief in the form of (1) an order directing Defendant to submit the full administrative record from Plaintiff's 2012 case and (2) application of the ALJ's fully favorable disability finding retroactively to Plaintiff's alleged onset date in 2012, or, alternatively, remand of the case for reconsideration.  ECF No. 1, pp. 4-6.  Plaintiff also asserts that the Appeals Council intentionally delayed responding to his request for an extension of time.  ECF No. 1, p. 7; ECF No. 15, p. 13-14.

On September 30, 2019, Defendant filed the present motion to dismiss Plaintiff's complaint as untimely in that Plaintiff failed to file his complaint within 60 days and offered no justification warranting equitable tolling of the deadline.  In his response filed on November 11, 2019, Plaintiff argues that tolling is appropriate in that: (1) his mental impairments of depression and anxiety prevented him from timely filing his complaint and (2) the Appeals Council denied his request for extension only *after* the 60-day period had lapsed.  Defendant did not file a reply, and the time to do so has passed.

## DISCUSSION

To commence a civil action against the Commissioner, a plaintiff must file a complaint within 60 days from the date of receipt of the Appeals Council's notice of

decision.  42 U.S.C. § 405(g).  The 60-day period is not jurisdictional but rather constitutes a statute of limitations.  *Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)).  The presumptive date of receipt of a mailed notice is five days after the date of the decision.  20 C.F.R. §§ 422.210(c) and 498.222.  Plaintiff does not dispute that he filed his complaint long after the May 15, 2019, deadline had expired.  Principally, he argues that the statute of limitations should be deemed equitably tolled.

The Supreme Court has held that equitable tolling of the 60-day period under §405(g) is appropriate in cases where "the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen*, 476 U.S. at 480 (internal quotations and citations omitted).  Plaintiff urges the Court to follow *Canales v. Sullivan*, 936 F.2d 755 (2d Cir. 1991), where the Second Circuit held that "mental impairment may warrant equitable tolling of the statute of limitations under some circumstances." *Canales*, 936 F.2d at 756.  But the Eighth Circuit instructs that equitable tolling in Social Security cases is "allowed only in cases where government has hindered claimant's attempts to exercise rights by acting in a misleading or clandestine way." *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003) (citing *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Thompson v. Comm' of Social Security Admin.*, 919 F.3d 1033, 1036 (8th Cir. 2019) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The second prong "is met only where the

4

circumstances that caused a litigant's delay are both extraordinary *and* beyond its

control." *Thompson*, 919 F.3d at 1037 (quoting *Pace*, 544 U.S. at 756).  The Court is not

persuaded that Plaintiff is entitled to equitable tolling based on his claimed mental

impairments.

Although the Eighth Circuit has generally recognized the availability of equitable

tolling based on claims of mental impairment, it applies only in "exceptional

circumstances, such as where the complainant is institutionalized or adjudged mentally

incompetent." *Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008).  A plaintiff seeking

equitable tolling on the ground of mental incapacity "must come forward with evidence

that a mental condition prevented him or her from understanding and managing his

affairs generally and from complying with the deadline that he seeks to toll." *Id.* (quoting

*Jessie v. Potter*, 516 F.3d 709, 715 (8th Cir. 2008).  Plaintiff's depression and anxiety,

treated through therapy and medication, do not meet this high standard.

However, Plaintiff also suggests that the Appeals Council's delay in responding to

his request for additional time caused him to miss the deadline.  As previously noted,

Plaintiff's complaint was due by May 15, 2019.  Plaintiff submitted his request for

additional time three weeks before that deadline, on April 24, 2019.  ECF No. 12-1, pp.

33–34.  The Appeals Council did not respond denying his request until June 24, 2019 –

i.e., 40 days after the deadline and 61 days after his request.  Other courts have applied

equitable tolling on similar facts.  *See cf. Bower v. Berryhill*, No. 16-CV-219-FPG, 2017

WL 4100073, at *2 (W.D.N.Y. Sep. 15, 2017) ("In some cases, equitable tolling may be

appropriate where the claimant timely requests an extension of time to file a civil action

5

but does not receive a response from the Appeals Council until after the statute of limitations has expired."); *Jorgensen v. Colvin*, No. 16-cv-1025 (JRT/SER), 2017 WL 431777 (D. Minn. Jan. 9, 2017); *Aschettino v. Sullivan*, 724 F. Supp. 1116 (W.D.N.Y. 1989); *Rivera-Gonzalez v. Astrue*, No. 8:11-CV-172-T-30EAJ, 2011 WL 2434071 (M.D. Fla. June 16, 2011); *Laursen v. Massanari*, 164 F. Supp. 2d 317, 321 (E.D.N.Y. 2001) (applying equitable tolling where Commissioner's letter failed to adequately inform pro se plaintiff of the implications of not filing either a request for an extension or a request for judicial review within the statutory window).

The Court agrees with the reasoning of these courts.  When Plaintiff submitted his request for additional time three weeks before expiration of the 60-day period, it was reasonable for him to expect that he would receive a response in time to preserve his rights or, in the least, that the deadline was stayed pending the Appeals Council's ruling. The Appeals Council's two-month turnaround was beyond Plaintiff's control, and its letter did not adequately advise Plaintiff of the necessity of filing his complaint within the period, absent a response.  Based on this record, the Court finds it fair and appropriate to consider the period tolled during the pendency of Plaintiff's request for additional time.

When Plaintiff filed his request for more time on April 24, 2019, thereby pausing the clock, 21 days remained before expiration of the 60-day deadline of May 15, 2019. The clock started running again on June 24, 2019, when the Appeals Council denied the extension.  Plaintiff's complaint was therefore due 21 days thereafter, by July 15, 2019.

Plaintiff filed his complaint on July 8, 2019.  The Court thus finds that Plaintiff's

complaint is not untimely for the reason asserted by Defendant.[2]

**CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **DENIED.**

ECF No. 12.

**IT IS FURTHER ORDERED** that Defendant shall have thirty (30) days to file

his answer, along with the administrative transcript, after which the parties shall proceed

with briefing pursuant to the Case Management Order (ECF No. 5).

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of July, 2020.

---

[2]         However, the Court is concerned that Plaintiff's complaint may be untimely for another reason.  A decision of the Commission may be re-opened (a) within 12 months for any reason, (b) within four years for good cause, or (c) at any time if the decision was obtained through fraud.  20 C.F.R. § 404.988.  As the Appeals Council noted in its fully favorable decision in the 2017 case, more than four years have elapsed since Plaintiff's 2012 case.  ECF No. 12-1, at 29.  The Commissioner's refusal to re-open an administratively final decision under 20 C.F.R. § 404.988 is not subject to judicial review.  *Efinchuk v. Astrue*, 480 F.3d 846, 848 (8th Cir. 2007).   But the parties have not briefed this issue, which the Court reserves for another day.