**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TOMMY L. PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )        No. 4:19-CV-1898-AGF |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court for judicial review of a final decision of the

Commissioner of Social Security resulting in an award of disability benefits to Plaintiff

Tommy Phillips.  Plaintiff does not challenge the award but appeals in an attempt to re-

open an earlier case.  Finding no grounds to do so, the Court will affirm the decision of

the Commissioner.

## BACKGROUND

Plaintiff Tommy Phillips, who proceeds pro se, first filed for Social Security

benefits on August 24, 2012 after sustaining a severe neck injury.  On December 6, 2012,

that claim was denied based on the agency's determination that Plaintiff had the residual

functional capacity (RFC) to perform light work.  Tr. 75.  Although the present record

contains no agency documents from this claim, Plaintiff indicates that the 2012 case was

---

[1]        Kilolo Kijakazi is now the Acting Commissioner of Social Security.  Pursuant to Rule
25(d) of the Federal Rules of Civil Procedure, she is substituted as the Defendant in this suit.

filed in Columbia, Missouri.  The Court's research revealed no record of any judicial review in the Western District.

Plaintiff later applied for benefits in the present case alleging that he became disabled on February 16, 2017 as a result of further deterioration stemming from his 2012 injury.  On November 6, 2018, an Administrative Law Judge issued a partially favorable decision finding Plaintiff disabled beginning on April 1, 2017.  Plaintiff requested review by the Appeals Council, which on March 11, 2019 issued a fully favorable decision finding that Plaintiff's disability began on February 16, 2017.  ECF No. 12-1, pp. 28-31; Tr. 5.  In connection with this claim, Plaintiff also sought to make his benefits retroactive to 2012.  The Appeals Council denied Plaintiff's request, explaining:

> With this request for review, [Plaintiff] asks that the Appeals Council reopen the prior determination and award benefits as of his previous August 20, 2012 alleged onset date.  Our rules only permit the reopening of prior adjudicated periods under special rules.  A final determination may be reopened within 1 year from the date of notice of the initial determination for any reason.  A title XVI determination may be reopened within 2 years, and a title II determination may be reopened within 4 years from the date of notice of the initial determination for good cause.  [Plaintiff] filed the present application, alleging an onset date of February 16, 2017, on March 13, 2017 more than 4 years after the December 6, 2012 determination in the previous claim.
> …
> Finally, [Plaintiff] alleged that there was fraudulent handling of his prior claim … . […]  After reviewing the entire record, including the hearing recording, the Appeals Council determined that the Administrative Law Judge did not abuse his discretion in this case.

ECF No. 12-1, at 29; Tr. 5.

On July 8, 2019,[2] Plaintiff filed his present complaint alleging fraud and abuse of process by the agency and by various state court actors in unrelated lawsuits and seeking relief in the form of (1) an order directing Defendant to submit the full administrative record from Plaintiff's 2012 case and (2) retroactive application of the Appeals Council's fully favorable decision to Plaintiff's alleged onset date in 2012, or, alternatively, remand of the case for reconsideration.  ECF No. 1, pp. 4-6.  In his brief in support of the complaint, as the Court understands it, Plaintiff continues to allege that his 2012 claim was wrongfully denied as a result of bias and fraud.  ECF No. 19.  In response, Defendant asserts that the Court lacks jurisdiction to review the Appeals Council's refusal to reopen the 2012 proceeding and also lacks authority to grant Plaintiff's request for a retroactive award of benefits.  ECF No. 20.

## DISCUSSION

Under 20 C.F.R. § 404.988, a decision of the Commission may be re-opened (a) within 12 months for any reason, (b) within four years for good cause, or (c) at any time if the decision was obtained through fraud.   The Commissioner's refusal to re-open an administratively final decision under 20 C.F.R. § 404.988 is not subject to judicial review except where the claimant challenges the refusal on constitutional grounds.  *Mitchael v. Colvin*, 809 F.3d 1050, 1055 (8th Cir. 2016).

---

[2]    The Court previously addressed the timeliness of Plaintiff's appeal in an earlier ruling on Defendant's motion to dismiss and concluded that equitable tolling was warranted.  ECF No. 16.

More than four years have elapsed since Plaintiff's 2012 case, so the decision denying benefits may be re-opened only upon a showing that it resulted from fraud or that the Appeals Council's refusal was unconstitutional.  Plaintiff alleges that "actors in public service [tried] to cover up the abuse/conduct/discrimination and fraud that occurred in [his] 2012 application for disability."  ECF No. 1, Ex. 1, p. 3.  Plaintiff evidently attempted to obtain the agency record in that case but has not been successful.  ECF No. 1, Ex. 1, p. 8.   Plaintiff now asks this Court to order Defendant to produce the record in order to prove his allegation of fraud or other misconduct resulting in the denial of his 2012 claim.  However, the present record indicates that the Appeals Council did consider Plaintiff's fraud allegation during proceedings on Plaintiff's 2017 claim and found it lacking merit.  ECF No. 12-1, p. 29; Tr. 5.  This Court finds no basis to question the constitutionality of the Appeals Council's disposition, particularly insofar as Plaintiff's assertions of fraud are conclusory and refuted by the record, which suggests that Plaintiff's 2012 claim was denied because he continued to work after his accident.  *See e.g.*, Tr. 64, 99, 226-227, 259, 377, 596.  Although Plaintiff argues that he was forced to return to work in order to pay child support pursuant to allegedly unlawful state court orders, it is not this Court's role to scrutinize those orders or the ALJ's denial of benefits nearly a decade later.

"To allow a claimant to obtain judicial review of a closed decision simply by filing – and being denied – a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 405(g), to impose a 60–day limitation upon judicial review of the [Commissioner's] final decision on the initial claim for benefits. Congress'

determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims." *Mitchael*, 809 F.3d at 1055–56 (8th Cir. 2016) (cleaned up) (citing *Califano v. Sanders*, 430 U.S. 99, 108 (1977)).

Applying the foregoing precedent to the present record, the Court must conclude that it lacks jurisdiction to grant Plaintiff the relief he seeks with respect to his 2012 claim.  As Plaintiff does not challenge Defendant's fully favorable award on his 2017 claim, that decision will be affirmed.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED.**

**IT IS FURTHER ORDERED** that all pending motions are **DENIED as moot**.

A separate Judgment shall accompany this Memorandum and Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of August 2021.

5